UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY CASES | ) ) ) ) ) | Master Docket No. 12-12052-FDS |
| *This Document Relates To*: | ) ) ) | |
| ROBERT SCHRODER and MARGARET SCHRODER, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 12-12075-FDS |
| v. | ) ) | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER and BARRY J. CADDEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

**SAYLOR, J.**

This is, in essence, a product liability action asserting serious personal injuries arising out of the administration of the steroid methylprednisolone acetate manufactured by defendant New England Compounding Pharmacy, Inc. ("NECC").  Plaintiffs Robert Schroder and Margaret Schroder are citizens of Michigan.  NECC is a Massachusetts corporation with a principal place of business in Massachusetts.  Defendant Barry J. Cadden, the President of NECC, is a citizen of Massachusetts.

Plaintiffs filed this action in the Massachusetts Superior Court on October 17, 2012.  On

November 7, 2012, defendants removed the action to this Court, claiming both federal question and diversity jurisdiction. Plaintiffs have moved to remand the case to the Superior Court on the basis of lack of subject matter jurisdiction.

The complaint asserts claims under Massachusetts law for negligence and breach of implied warranty. It does not refer to federal law or any potentially applicable federal regulation or standard.

Defendant NECC nonetheless contends that federal question jurisdiction exists under 28 U.S.C. § 1331 because the definition of "compounding activity" under federal law is critical to the determination of plaintiffs' state law claims. Specifically, defendant contends that compounding activity may be exempt from some FDA regulations. That is not a sufficient basis for federal question jurisdiction. At most, federal regulations in this case may provide, or bear upon, the standard of care. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 832 (1986) (finding that the court lacked federal-question jurisdiction over a tort claim incorporating the standard of care from the FDCA); *cf. Bowdrie v. Sun Pharmaceutical Industries Ltd.*, 2012 WL 5465994, 1 (E.D.N.Y. Nov. 9, 2012) (finding federal-question jurisdiction where "the federal issue involved [went] far beyond simply incorporating a federal standard into a state law cause of action."). The resolution of plaintiff's claims does not require the resolution of a substantial question of federal law.

Furthermore, even if diversity of citizenship exists, removal of this case to this Court is improper under 28 U. S. C. § 1441(b)(2) because defendant New England Compounding Pharmacy., Inc. is a "citizen" of the state in which the action was brought.

Plaintiffs' motion to remand is GRANTED. This matter is REMANDED to the Superior

Court of the Commonwealth of Massachusetts.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  December 11, 2012 | United States District Judge |